**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ISS FACILITY SERVICES, INC.,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action No.**_____ |
| | § | 5:20-cv-00749 |
| **BACCO, INC. AND JOHN DAVID** | § | |
| **BAKER** | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL

Defendants Bacco, Inc. and John David Baker ("Defendants") file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and remove this action from the 57th Judicial District of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division.  This Notice of Removal is supported by the facts set forth below and the attached appendix containing all documents filed in the state court action.

### Preliminary Statement

As set forth more fully below, the State Court Action is properly removable to federal court pursuant to 28 U.S.C. §§ 1332 and 1441.  The Court has diversity jurisdiction over this case because (i) this is a civil action between citizens of different states; (ii) the amount in controversy exceeds $75,000, exclusive of costs and interest; and (iii) Defendants have satisfied the procedural requirements for removal.

### Diversity jurisdiction exists

Under 28 U.S.C. § 1332, federal courts have original jurisdiction in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, between … citizens of different States and in which citizens or subjects of a foreign state are

additional parties." 28 U.S.C. § 1332(a). Here, Plaintiff's petition seeks "monetary relief of over $200,000."[1] As such, the amount in controversy exceeds $75,000. Plaintiff is a citizen of Delaware and Texas,[2] and Defendants are both citizens of Oklahoma.[3] As such, complete diversity exists.

### Removal is procedurally proper

Removal is timely in that no more than thirty days have elapsed since citation was served. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). Specifically, Mr. Baker was served with citation on May 26, 2020.[4] This Notice of Removal is timely filed within thirty days of such service.

This action is properly removed to the United States District Court for the Western District of Texas, San Antonio Division, because the State Court Action is pending in Bexar County, Texas, which is within the San Antonio Division. *See* 28 U.S.C. §1446(a).

Pursuant to 28 U.S.C. §1446(a) copies of all process, pleadings, and orders filed in state court are attached to the appendix hereto.

### Conclusion

Wherefore, Defendants remove the underlying state court action and request that the Court assume jurisdiction for all purposes.

---

[1] Petition at ¶ 6 (App. at 002).
[2] *Id*. at ¶ 2 (App. at 001).
[3] *Id*. at ¶¶ 3-4. Bacco's principal place of business is in Oklahoma.
[4] Return of Service (App. at 009).

Respectfully submitted,


 /s/ Jason M. Hopkins
Jason M. Hopkins
Texas Bar No. 24059969
Jason.Hopkins@dlapiper.com
**DLA PIPER LLP**
1900 N. Pearl Avenue, Suite 2200
Dallas, Texas 75201
214-743-4500 – telephone

**ATTORNEYS FOR DEFENDANTS**


## CERTIFICATE OF SERVICE

I certify that I served the foregoing notice of removal on all counsel of record via certified mail, return receipt requested on June 24, 2020.


 /s/ Jason M. Hopkins
 Jason M. Hopkins